UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

LINDA A. SHIELDS,

        Plaintiff,

v.                                             Case No. 06-CV-1314

AURORA HEALTH CARE LONG TERM
DISABILITY PLAN,

        Defendant.
_____

## ORDER

This case comes before the court on plaintiff's Motion to Alter or Amend in accordance with Fed. R. Civ. P. 59(e) (Docket #57). The court previously entered Judgment (Docket #56) in this case, finding that plaintiff's application for long term disability benefits under the Aurora Health Care Long Term Disability Plan's ("the Plan") "any occupation" provision was arbitrarily and capriciously denied. The court accordingly granted plaintiff's Motion for Summary Judgment (Docket #26), and ordered her case remanded to the Plan's administrator, Matrix Absence Management Inc. ("Matrix"),[1] so that her application could be decided upon in a non-arbitrary and capricious manner. The court, however, denied plaintiff's request for attorney's fees, as the court found that the Plan's position was not taken in bad faith. (Order, Docket #55, at 24). Plaintiff's present motion asks the court to do three things:

---

[1] Matrix was originally also a defendant in this action; however, the court dismissed it, as "ERISA permits suits to recover benefits only against the Plan as an entity." *Garratt v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001) (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996)).

1) Modify the court's order to limit the scope of remand to the evidence already of record for the purpose of determining whether such evidence is sufficient to meet the plan requirements for the continuation of disability benefits without consideration of the plan exclusion as to objective medical evidence;

2) Order that the court shall retain jurisdiction over the matter to supervise the remand proceeding; and that the remand proceedings are to be completed within 90 days of the entry of the court's order; and

3) Modify the court's order denying the award of attorney's fees to state that the court will consider an application for fees following the conclusion of the remand proceedings. (Prop. Order as to Pl. Mot to Alter).

The Plan stipulates to plaintiff's first request regarding the redetermination being made based on the existing record evidence. (Resp. to Mot. to Alter at 2). However, the Plan does not agree that such redetermination should be made without consideration of the objective medical evidence ("OME") proviso. (Id.). The court agrees with the Plan that there is no basis for preventing the Plan's administrator from utilizing its OME standard. Indeed, the premise of the court's earlier ruling was that case law has established that fibromyalgia (plaintiff's alleged disabling ailment) can be demonstrated by OME. Thus, Matrix acted arbitrarily and capriciously when it denied plaintiff's application on the basis that its expert (Dr. Ladin) stated that there cannot be OME of disability stemming from fibromyalgia. For this court to now say that Matrix cannot employ the OME standard would be to agree with the notion that

-2-

disability from fibromyalgia cannot be shown with OME – the very notion the court rejected in its prior ruling. Thus, on remand, Matrix can require that plaintiff's disability be established by OME. What Matrix cannot do is ignore plaintiff's evidence of fibromyalgia and disability, and instead simply rely on an absolutism that disability from fibromyalgia cannot be established by OME.

Defendant has no objection to plaintiff's request that the court retain jurisdiction over the remand proceedings, and that such proceedings conclude within 90 days of this order. In the Seventh Circuit, a court order remanding an ERISA action to a plan's administrator for a redetermination is typically a final appealable order. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 979 (7th Cir. 1999). However, irrespective of whether such an order is final or not, the court may retain jurisdiction over the remand proceedings. *See Metzger v. Unum Life Ins. Co. of America*, 151 Fed. Appx. 648, 651 (10th Cir. 2005). Indeed, enforcing the court's judgment (namely that the Plan's administrator redetermine plaintiff's long term disability benefits application in a non-arbitrary and capricious manner) is inherently within a federal court's power, and falls within its ancillary jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). Certainly retaining jurisdiction over this matter will conserve judicial resources as well as the resources of the litigants, thus the court will grant this request.

Defendant objects strongly to plaintiff's request that attorney's fees be held open until a final determination as to her qualification under the plan has been made.

-3-

The court also finds fault with the merits of this request. As the court stated in its Order (Docket #55), the question the court must ask itself in regards to awarding plaintiff attorney's fees is: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Meredith v. Navistar Intern. Transp. Corp.*, 935 F.2d 124, 128 (7th Cir. 1991). Thus, whether plaintiff is granted attorney's fees as to its initial suit is determined by the court's determination as to the position the Plan took during those proceedings. Those proceedings have been concluded. There is nothing to be gained by holding the attorney's fees question open. The standard is not that plaintiff should be awarded attorney's fees if she is ultimately found to qualify for long term disability benefits. Rather, the standard is that attorney's fees should be awarded if the Plan's denial of benefits, as well as its opposition to plaintiff's suit for benefits was done in bad faith. The court has already determined that those positions were not taken in bad faith. Indeed, the court's ruling as to why the decision was arbitrary and capricious was rather narrow and was not easily reached. Furthermore, the Plan did prevail on certain points, such as the fact that three of the four named defendants should be dismissed, that Matrix could utilize a nurse to review plaintiff's claim, and most importantly, that plaintiff's suit was based on a denial of an application for benefits, not a termination of benefits. In fact, the issues on which the Plan prevailed were far more clear cut than the issue on which plaintiff prevailed. In sum, an award of attorney's fees against the Plan is simply unwarranted in this situation.

-4-

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Alter or Amend in accordance with Fed. R. Civ. P. 59(e) (Docket #57) be and the same is hereby **GRANTED** in part, and **DENIED** in part, in accordance with the orders set below:

**IT IS FURTHER ORDERED** that the court's previous Order (Docket #55) be modified to limit the scope of remand to the evidence already of record; and the Plan may not base its decision on the absolutism that there can never be objective medical evidence of disability due to fibromyalgia; and

**IT IS FURTHER ORDERED** that the court shall retain jurisdiction over the ordered remand proceedings; and the remand proceedings are to be completed within 90 days of the entry of this order; and

**IT IS FURTHER ORDERED** that plaintiff's request that the court's previous order regarding attorney's fees be modified be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge